GEORGE W. BATEMAN, OVERSEER OF THE POOR OF RARI-
TAN TOWNSHIP, v. JOSEPH R. MATHES, OVERSEER OF
THE POOR OF FRANKLIN TOWNSHIP.

1. Under the act of 1886 (*Pamph. L., p.* 208), as amended by the act of
1887 (*Pamph. L., p.* 180), all persons become legally settled in that
township wherein they have, or shall have last, resided for ten con-
secutive years.
2. Such settlement thereby acquired will continue until another is
legally gained.
3. By marriage, if the husband has a legal settlement in this state, the
former settlement of the wife is lost or suspended, and her settlement
follows that of the husband.

On *certiorari.*

Argued at February Term, 1892, before Justices MAGIE
and WERTS.

For the prosecutor, *Henry A. Fluck.*

For the defendant, *Richard S. Kuhl.*

The opinion of the court was delivered by

WERTS, J.   On the 3d day of February, 1891, George W.
Bateman, overseer of the poor of Raritan township, Hunter-
don county, made application to a justice of the peace of that
county to have Alice M. Buck, a poor person, with two
infant children, aged respectively one and three years, within
said township, and who had applied to the overseer for relief,
brought before the justice, in order that her last place of legal
settlement might be determined, and she removed thereto.

On the hearing before the justice, the legal settlement of
Alice M. Buck and her children was adjudged to be in the
township of Franklin, Hunterdon county, and they were
ordered removed thereto.   From that order of removal the
overseer of the poor of Franklin appealed to the Quarter

Sessions, where the order of the justice was quashed. A writ of *certiorari* was thereupon brought to reverse the order of the Sessions.

The following are the facts agreed upon by the parties to the cause:

That Alice M. Buck is the wife of Fritz Buck, and the mother of Laura, aged three years, and Harry, aged one year.

Application for relief was made February 13th, 1891. Order for relief and removal from Raritan to Franklin, made February 19th, 1891. Order of relief and removal served on the overseer of Franklin March 2d, 1891.

That Fritz Buck, the husband of Alice M., deserted his family in May, 1890. His whereabouts are not known.

That Fritz Buck, at the time he deserted his family, and on the 13th day of February, 1891, at the time the application for relief was made to the overseer of Raritan, had a legal settlement in the township of Franklin, having last resided in the township of Franklin for the period of ten consecutive years; but before his marriage with Alice M.

That Fritz Buck and Alice M. were married in August, 1885, the marriage was legal, and there has been no decree of divorce or separation.

That Alice M. Buck, after her marriage with Fritz Buck, acquired title to real estate in the said township of Raritan of the value of $1,200, upon which she resided for eighteen months, viz., from April, 1888, to December, 1889.

That Alice M., prior to her marriage with Fritz Buck, last resided in the township of Raritan for the period of ten consecutive years.

That after their marriage they lived in Franklin township for one year, and then removed to Raritan, where Alice M. resided at the time the application was made.

When Alice and Fritz Buck were married, in August, 1885, her settlement was in Raritan township and his in Franklin township, where his continued to be until February 13th, 1891, when Alice made her application for relief to the overseer of Raritan, whither she had returned. Undoubtedly,

as the law stood at the time of their marriage, in August,. 1885, Alice then lost her former settlement in Raritan, and acquired a new derivative settlement from her husband in Franklin township. By an act of the legislature, passed in 1886 (*Pamph. L., p.* 208), and amended in 1887 (*Pamph. L., p.* 180), it is provided "that any person or persons, who have, or who shall have last, resided in any township of this state for the period of ten consecutive years, shall be considered as legally settled in said township." This act was held to be retrospective in the cases of *Marlboro* v. *Freehold*, 21 *Vroom* 509, and *Franklin* v. *Lebanon*, 22 *Id.* 93.

In the latter case the court says: "The statute includes cases in which the stated period of residence had been completed before the act was passed, and those in which it was then running, as well as those in which it should thereafter begin."

It is insisted that, as Alice last resided ten consecutive years. in Raritan township, her legal settlement, by virtue of said legislative act and the decisions thereon, at the time she applied for relief, was in the township of Raritan, notwithstanding her husband's settlement in Franklin. But this insistment is based upon a misapprehension of the true meaning and construction of the statute in question, which, in Marlboro *v.* Freehold, was declared to be that "an actual legal settlement is imparted to every one by ten years' continuous. residence, whether the person be a minor or an adult, or with or without a prior legal settlement, *and such settlement con- tinues until another is gained.*"

Alice had acquired a settlement in Raritan township, which, continued until her marriage, whereby she gained another, that of her husband, in Franklin township, and there, in fact, her legal settlement was when the laws of 1886 and 1887 were enacted. Her settlement, thus gained in Franklin township,. continued until she acquired another elsewhere, *i. e.,* in Raritan. township.

Did she acquire a settlement in Raritan township after her settlement in Franklin township?

The state of the case shows that after her marriage she became seized of a freehold estate, in Raritan township, of the value of $130, and resided thereon for a period of eighteen months—from April, 1888, to December, 1889. It is contended that thereby she gained a new settlement in Raritan township by virtue of section 1 of the Poor act. *Rev., p.* 834. Her husband's desertion, according to the state of the case, did not occur until May, 1890. The presumption, therefore, is, that during the eighteen months, from April, 1888, to December, 1889, she was living with him. His settlement, during all that time, it is conceded, was in Franklin township, and his settlement was hers. She could acquire no separate settlement during the coverture, at least not in the absence of desertion. *Ewing's Just., " Settlement by Marriage," p.* 440, and cases cited ; *Little Falls* v. *Bernards,* 15 *Vroom* 621 ; *Mc-Lorinan* v. *Bridgewater,* 20 *Id.* 614. The legal settlement of Alice M. Buck was in Franklin township. The order of the justice was correct. That of the Sessions quashing his order must be set aside, with costs.